**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:  ELH-24-311** |
| **JAMES EDWARD HOWETH,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO DEFENSE MOTION *IN LIMINE* TO**
**EXCLUDE CERTAIN EVIDENCE (ECF 84)**

The defense seeks to preclude the Government from introducing the following evidence: (1) evidence related to material discovery in Ann Curl's Verizon Synchronoss account; (2) digital files depicting bestiality; and (3) digital files of child erotica and digital files of animated child pornography. The defense also has requested that the Court limit the number of child pornography images that the Government introduce into evidence at trial. The Motion should be denied and the Government should be permitted to introduce the evidence.

**(1) The Verizon Synchronoss Account**

The Government opposes the preclusion of all the evidence found in the Synchronoss account. The Government does not intend to introduce digital files that depict bestiality, but the Synchronoss account and its contents may be relevant to introduce that neither the Cybertip Child Sexual Abuse Material (CSAM) file nor any CSAM files were found within the Synchronoss account, should the absence of such evidence become relevant during the course of the trial.

**(2) Digital Files Depicting Bestiality**

The Government does not intend to introduce the digital files from either the Synchronoss account or Ann Curl's cell phone extraction depicting bestiality during its case-in-chief. The Government reserves the right to introduce this evidence if it should become relevant for some

2

other unforeseen reason, as the Government does not yet know the Defendant's defense strategy or the witnesses the Defendant intends to call.

**(3) <u>Digital Files of Child Erotica and Animated Child Pornography</u>**

The Government further opposes the Defendant's request to preclude evidence related to child erotica or animated child pornography.  The possession of child erotica or animated child pornography is not a criminal act nor is it a "prior bad act" under Rule 404(b).   However, it is relevant evidence in this case and would fall under Rule 401, 402, and 403.  This evidence was found on the devices belonging to the Defendant, alongside the principal digital evidence of Sexual Exploitation of a Child and Possession of Child Pornography.

The Government needs to prove at trial not only that the Defendant acted knowingly but that he did so with the intent to produce the sexually explicit images of Minor Victim (Count 1) and with the intent to possess the images of child pornography (Counts 2 and 3).  The child erotica are images of young children dressed in lingerie, posing in a sexual manner while clothed, or other similar erotic or sexual behaviors not amounting to lascivious display, sexual acts, sexual contact, etc.   The animated images depicted sexual acts and sexual contact, among other things. Nonetheless, the erotica and animated images, when combined with the Defendant's collection of child pornography and the images of Minor Victim, show a sexual interest in children that support the Government's burden to prove knowledge and intent.

To the extent that this evidence is considered a "bad act," the erotica and animated evidence is intrinsic to the crimes charged in this matter.  Uncharged or prior bad acts evidence that is intrinsic to a charged crime is not subject to Rule 404(b)'s heightened admissibility standards. *See United States v. Beeman*, 135 F.4th 139, 145 (4th Cir. 2025).  It must only survive Rule 403's balancing test, which provides that relevant evidence can be excluded only if its probative value is

substantially outweighed by any danger of unfair prejudice, among other factors.  Unfair prejudice exists where there is a "genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence."  *United States v. Siegel*, 536 F.3d 306, 310 (4th Cir. 2008).  Evidence of conduct no more sensational or disturbing than the conduct with which a defendant is charged is unlikely to produce unfair prejudice."  *United States v. Elsheikh*, 103 F.4th 1006, 1027 (4th Cir. 2024).  Erotic or animated image or movie files of children are hardly more shocking or sensational than the files of actual children engaged in sexual acts, sexual contact, or lasciviously displaying their genitals.  The evidence is therefore not unfairly prejudicial under Rule 403.

Evidence is intrinsic if it arose out of the same transaction or series of transactions as the charged offense or "is necessary to complete the story of the crime at trial."  *United States v. Sutherland*, 921 F.3d 421, 429-30 (4th Cir. 2019).  To be considered necessary to complete the story of the crime, evidence "must be probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself."  *Beeman*, 135 F.4th at 146.  Evidence that provides "necessary contextual information" or is "inextricably intertwined" with evidence of the charged offenses and forms an integral part of the testimony concerning them is intrinsic."  *United States v. Blair*, No. ELH-19-410, 2021 WL 4339132, at *29 (D. Md. Sept. 23, 2021); *see also, e.g.*, *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010).  Here, this evidence was not found at a different time or on a separate device. It was existing within the same devices as the child pornography and produced images collected and curated by the Defendant.  The evidence is intrinsic, relevant and therefore admissible.

**(4) <u>Limiting the Number of Child Pornography Files Introduced into Evidence</u>**

During a search of the Defendant's devices, law enforcement uncovered approximately 1200 files of Child Pornography.  The Government does not intend to introduce all 1200 files, in the interest of time, but the Government should not be limited in the number of files it intends to introduce.  The Government needs to prove, in part, that the Defendant has a sexual interest in children.  Even though child pornography is difficult to view and often does elicit emotional responses, the Defendant's collection of child pornography files is the evidence relevant to Counts Two and Three.  The Government would not be asked to limit the number of guns, the amount of drugs, or other similar evidence to prove its case in a possession of firearms or narcotics trial – the sheer number of images the Defendant possessed goes to the heart of so many possible defenses: mistake, viewing the images for art related purposes, someone else uploaded the files, lack of knowledge, lack of intent, etc.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Colleen Elizabeth McGuinn
Reema Sood
Assistant United States Attorneys

5