**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 1:24-CR-311-ELH** |
| | : | |
| **James Edward Howeth** | : | |
| | : | |
| **Defendant** | : | |

## Reply to Government's Opposition to Motion in *Limine* to Exclude All Samsung Notes

The Government's opposition does not cure the fundamental defects identified in Mr. Howeth's Motion *in Limine* to Exclude All Samsung Notes (ECF 85). Rather than demonstrating how the Samsung Notes are relevant to any statutory element of the charged offenses, the Government attempts to reframe the writings as "contextual" or "intrinsic" evidence untethered to the requirements of 18 U.S.C. §§ 2251(a) and 2252A. That approach does not satisfy Rule 401. Nor does the Government meaningfully engage with Rule 403. It cites no authority approving the admission of sexually explicit writings that do not reference minors, do not describe the charged conduct, and do not form part of the same transaction as the alleged offenses. Instead, the Government asks the Court to permit introduction of expressive material based on thematic resonance and generalized inference. The Federal Rules of Evidence do not allow such substitution of narrative appeal for evidentiary relevance.

1

## I. THE GOVERNMENT FAILS TO ESTABLISH RELEVANCE UNDER RULE 401

Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The elements of the charged offenses are specific. Production of child pornography under 18 U.S.C. § 2251(a) requires proof that (1) the defendant knowingly employed, used, persuaded, induced, enticed, or coerced a person under the age of 18; (2) to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) that either the defendant knew or had reason to know that the visual depiction will be transported in interstate commerce, or that the visual depiction has actually been transported in interstate commerce. *See United States v. Deritris*, 137 F.4th 209, 221 (4th Cir. 2025). Possession of child pornography under 18 U.S.C. § 2252A requires proof that the defendant knowingly possessed child pornography using any means in or affecting interstate or foreign commerce. *See United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018).

The Government's response confirms that none of the Samsung Notes reference the alleged minor, describe photographing or recording a minor, involve the creation or storage of visual depictions, or relate to any act of possession. The writings do not mention minors at all. They do not describe the charged conduct. They do not form part of the alleged production episode.

In the complete absence of any evidence that the notes related to minors, the Government claims that because the notes reference "coloring" at a table and being told that they were "in trouble" means that the notes were "seemingly told from a child's perspective." Government's Response at 3 – 4. The Government's attempt to bring this evidence within the scope of relevance is based on a leap too large to ignore.

Instead, the Government asserts that the Notes provide "context" or illuminate a broader sexual narrative. But Rule 401 does not admit evidence merely because it reflects themes that the Government believes are consistent with its theory of the case. The question is whether the evidence makes a statutory element more or less probable. See Fed. R. Evid. 401.

Here, the inferential chain the Government relies upon is attenuated. Jurors would be asked to read the Notes, infer a sexual interest, infer that such interest relates to minors despite no reference to minors, and *then* infer that such interest makes the charged conduct more likely. Rule 401 does not permit evidence whose probative force depends on stacking inference upon inference untethered to an element of the offense.

Without a direct nexus to production or knowing possession, the Samsung Notes are not relevant within the meaning of Rule 401.

## II. THE GOVERNMENT'S INTRINSIC EVIDENCE THEORY FAILS UNDER *BEEMAN*

The Government attempts to avoid Rule 404(b) scrutiny by labeling the Samsung Notes "intrinsic." That label does not control. Intrinsic evidence doctrine is narrow and carefully constrained.

As the Fourth Circuit recently clarified in *United States v. Beeman*, 135 F.4th 139 (4th Cir. 2025), evidence is intrinsic only when it "arose out of the same series of transactions as the charged offense" or when it is necessary to complete the story of the crime on trial. *Id.* at 146 (citing *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994)). Accordingly, determining whether evidence is needed to complete the story requires a "hard look to ensure that there is a clear link or nexus between the evidence and the story of the charged offense, and that the purpose for which the evidence is offered is actually essential." *Id.* at 146–47. The Court warned that absent such discipline, the "complete the story" doctrine might be used to disguise propensity evidence that Rule 404(b) is meant to exclude. *Id.*

The Government's does not undertake *Beeman*'s charge. It does not identify a clear link between the Samsung Notes and the alleged production of child pornography. It does not explain how the jury would have an incomplete or inaccurate understanding of the charged offenses without exposure to expressive writings authored years later and unrelated to any visual depiction.

The Notes did not arise from the same transaction as the alleged production. They were apparently created years after the alleged conduct. They do not reference the alleged minor. They do not describe the creation, acquisition, or storage of child pornography. They are not part of the same series of events.

Additionally, the Government's reliance on EXIF data for the images of the alleged minor is misplaced. According to the Government, the EXIF data for the images depicting the alleged minor capture a creation date of April 21, 2021. Government's Response at 4. While that date may be reflected in the EXIF data, it does not mean that those images were actually created that day. In fact, the Government's own expert is prepared to testify that "[t]he creation date is an approximate date because the original file was not located for analysis of the meta or EXIF data. Mr. Meyers cannot testify as to when the original files were once on the phone and when they could have been deleted or when the cache files were created by the phone."[1] To rely on the creation date reflected in the EXIF data to suggest that the images were actually created on a date contemporaneous with the text messages is not accurate. See Government's Response at 4 ("The EXIF data for those texts is April 14, 2021, contemporaneous with the produced images of Minor Victim").

In sum, the Samsung Notes are not "actually essential" to telling the story of the charged offenses. *Beeman*, 135 F.4th at 147. The jury can fully understand the

---

[1] Supplemental Expert Notice Disclosure - Joshua Meyers at 2.

Government's theory of production and possession without reading unrelated expressive writings.

Permitting admission of the Notes under an expansive "intrinsic" theory would do precisely what *Beeman* cautions against: use contextual rhetoric to admit material whose true function is to suggest impermissible character or disposition.

## III. THE GOVERNMENT'S THEORY IMPLICATES RULE 404(b) AND THE *QUEEN* FRAMEWORK

Although the Government disclaims reliance on Rule 404(b), its argument necessarily invokes the type of reasoning that Rule 404(b)(1) prohibits. Namely, using other acts or expressive material to prove character in order to show action in conformity.

When evidence is offered to prove intent or knowledge based on other conduct or writings, the Fourth Circuit applies the four-part test articulated in *United States v. Queen,* 132 F.3d 991, 997 (4th Cir. 1997). Under *Queen,* such evidence is admissible only if it is: (1) relevant to an issue other than character; (2) necessary; (3) reliable; and (4) its probative value is not substantially outweighed by the danger of unfair prejudice.

Here, the Samsung Notes are not relevant to a legitimate non-character purpose. The Government argues that the Notes demonstrate fantasy, sexual interest, or mindset. But generalized sexual interest is not a statutory element of production or possession as charged here. Without a concrete link to the charged

conduct, the proffered use collapses into character reasoning. Second, the Government does not show that this evidence is necessary. The Government has not explained why unrelated expressive material is needed to prove the intent or knowledge required by § 2251(a) and § 2252A. Third, reliability concerns are particularly poignant where the Government characterizes expressive writings without reference to statutory definitions or clear linkage to the charged conduct. Finally, *Queen* expressly requires Rule 403 balancing. *Id.* at 997. As discussed below, the prejudice here substantially outweighs any marginal probative value.

If the Notes are not intrinsic under *Beeman*, and if their admission depends on inference about intent or knowledge, the Government must satisfy *Queen*. It has not done so.

## IV. RULE 403 REQUIRES EXCLUSION

Even relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice." Fed. R. Evid. 403. Unfair prejudice exists where there is a genuine risk that the jury will decide the case on an improper basis, including emotion or moral judgment. *See, e.g., United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008).

The Samsung Notes involve intimate and emotionally charged content. Introducing them risks inviting jurors to draw conclusions about Mr. Howeth's

character or imagination rather than focusing on whether the Government has proved each statutory element beyond a reasonable doubt.

Any marginal probative value is minimal. The risk of unfair prejudice is substantial. Under Rule 403, exclusion is warranted.

**CONCLUSION**

The Government has not demonstrated that the Samsung Notes are relevant under Rule 401, intrinsic under the disciplined standard articulated in *Beeman*, admissible under the *Queen* framework governing Rule 404(b), or permissible under Rule 403. Because the Notes are untethered to the charged offenses and pose a substantial risk of unfair prejudice and improper propensity reasoning, they should be excluded in their entirety.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland
___/s/_____
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender
100 South Charles Street

Tower II, 9th Floor

Baltimore, Maryland  21201

Phone: (410) 962-3962

Fax:  (410) 962-0872

Email: Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____

Francisco A. Carriedo