**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 1:24-CR-311-ELH** |
| | : | |
| **James Howeth** | : | |
| | : | |
| **Defendant** | : | |

## <u>REPLY TO GOVERNMENT'S OPPOSITION TO MR. HOWETH'S MOTION IN *LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE</u>

Mr. James Howeth, by and through counsel, respectfully submits this Reply to the Government's Opposition to his Motion in *Limine* to Exclude Irrelevant and Prejudicial Evidence. The Government's response does not demonstrate that the challenged materials are relevant to any statutory element of the charged offenses, nor does it satisfy the standards governing intrinsic evidence, Rule 404(b), or Rule 403. Instead, the Government relies on generalized assertions of "context," "sexual interest," and device proximity without meaningfully addressing the limits pronounced by the Federal Rules of Evidence and the Fourth Circuit. As such, the challenged materials should be excluded.

## I. The Government Does Not Establish Relevance to Any Statutory Element[1]

Evidence is admissible only if it is relevant to a fact of consequence. Fed. R. Evid. 401–402. In this case, the charged offenses require proof of specific statutory elements. Production of child pornography under 18 U.S.C. § 2251(a) requires proof that (1) the defendant knowingly employed, used, persuaded, induced, enticed, or coerced a person under the age of 18; (2) to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) that either the defendant knew or had reason to know that the visual depiction will be transported in interstate commerce, or that the visual depiction has actually been transported in interstate commerce. *See United States v. Deritris*, 137 F.4th 209, 221 (4th Cir. 2025). Possession of child pornography under 18 U.S.C. § 2252A requires proof that the defendant knowingly possessed child pornography using any means in or affecting interstate or foreign commerce. *See United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018)

The Government does not explain how unrelated "child erotica," animated depictions, or other non-charged materials make any of those elements more or less probable. Instead, the Government argues that such materials demonstrate "sexual interest in children" and therefore bear on intent or knowledge. But generalized sexual interest is not an element of either statute. The intent required under §

---

[1] The Government has failed to identify any relevance to support the introduction of evidence related to material discovered in Ann Curl's Verizon Synchronoss Account and digital files depicting bestiality. *See* Government's Response at 2 -3. As such, it is inadmissible.

2251(a) is proof that the defendant engaged in the sexually explicit conduct with the specific intent to produce a visual depiction. *See United States v. Palomino-Coronado*, 805 F.3d 127, 130-31 (4th Cir. 2015) The knowledge required under § 2252A is knowing possession of prohibited depictions. Evidence that does not bear directly on those mental states—but instead invites inference about character or disposition— does not satisfy Rule 401.

The Government's theory requires jurors to infer from unrelated materials a broader sexual disposition and then infer from *that* disposition that the charged conduct is more likely. That inferential chain is precisely what the Rules are designed to restrict.

Additionally, the presentation of "child erotica" will confuse the jury, as it will create a mini trial about whether any images constitute "child erotica," and whether the definition used by the forensic examiner is one accepted by federal courts in this context. Put simply, this dispute is wholly irrelevant to the factual issues the jury will be required to resolve in this case.

## II.    The Government's "Intrinsic Evidence" Theory Is Overbroad

The Government relies heavily on the doctrine of intrinsic evidence, asserting that the challenged materials are admissible because they were located on the same devices as the charged depictions. But the authority the government relies upon for this proposition denotes that the intrinsic evidence doctrine is narrow and requires disciplined analysis.

In *United States v. Beeman*, 135 F.4th 139 (4th Cir. 2025), the Court reiterated that evidence is intrinsic *only* when it arises from the same series of transactions as the charged offense or is needed to complete the story of the crime on trial. *Id.* at 146 (citing *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994)). The Court further emphasized that, to qualify as completing the story, the evidence must be "probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself." *Id.* (quoting *United States v. Brizuela,* 962 F.3d 784, 794 (4th Cir. 2020). Critically, *Beeman* instructs courts to take a "hard look" at such claims:

> Assessing whether evidence is needed to complete the story of a charged offense requires a hard look to ensure that there is a clear link or nexus between the evidence and the story of the charged offense, and that the purpose for which the evidence is offered is actually essential. *Otherwise, the 'complete the story' doctrine might be used to disguise the type of propensity evidence that Rule 404(b) is meant to exclude.*

*Id.* at 146–47 (quoting *Kennedy*, 32 F.3d at 885) (emphasis added). The Government's response does not undertake that "hard look." It does not identify a clear nexus between the challenged materials and the charged acts of production or possession of child pornography. Nor does it explain how the jury would have an incomplete or inaccurate understanding of the charged offenses absent exposure to unrelated animated depictions or so-called "child erotica."

Being stored on the same device is not the same as arising from the same transaction. The Government must demonstrate that the evidence is "actually essential," not merely contextually available. *Beeman*, 135 F.4th at 147. It has not done so.

Indeed, the warning articulated in *Beeman* is directly implicated here. The Government's theory, that the materials demonstrate sexual interest and therefore support intent, risks using the "complete the story" doctrine to introduce precisely the type of character-based reasoning that Rule 404(b) is designed to prevent. *Id.* Where the nexus is attenuated and the proffered purpose is not essential to understanding the charged conduct, like here, the intrinsic evidence doctrine does not apply.

### III. To the Extent the Government Relies on Intent or Knowledge, the *Queen* Framework Governs

Although the Government disclaims reliance on Rule 404(b), its theory depends on using unrelated material to show intent or knowledge. Where evidence is offered for such purposes, the Fourth Circuit's four-part test in *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) applies.

Under *Queen*, evidence of other acts is admissible only if it is: (1) relevant to an issue other than character; (2) necessary; (3) reliable; and (4) such that its probative value is not substantially outweighed by the danger of unfair prejudice. *Id.* The Government's response does not meaningfully engage this framework.

### A. Relevance to a Non-Character Purpose

To satisfy the first prong, the Government must show that the evidence is relevant to a legitimate issue such as intent or knowledge—not merely that it suggests a character trait. *Id.* at 997–98. Here, the Government argues that the materials demonstrate "sexual interest." That is not a statutory element. Without a concrete link to the charged conduct, the evidence serves only to invite propensity reasoning.

### B. Necessity

*Queen* requires that the evidence be necessary in the sense that it is probative of an essential element that is genuinely at issue. *Id.* at 998. The Government does not explain why unrelated material is necessary to prove production or possession of child pornography when it intends to introduce the charged depictions themselves. The existence of direct evidence of the charged offenses undercuts any claim that additional unrelated material is required.

### C. Reliability

The Government's response does not meaningfully address reliability, particularly with respect to forensic labeling such as "child erotica." Where evidence rests on subjective categorization rather than statutory definitions, the reliability inquiry has teeth.

### D. Rule 403 Balancing

*Queen* expressly incorporates Rule 403 balancing. *Id.* at 997. Yet the Government's discussion of Rule 403 is cursory. It asserts that the material is "not more shocking" than the charged conduct and therefore admissible. That formulation does not satisfy Rule 403.

## IV.    Rule 403 Requires Exclusion

Even if marginally relevant, evidence must be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time. Fed. R. Evid. 403.

The challenged materials are highly inflammatory and risk shifting the jury's focus from the statutory elements to generalized moral judgment. Introducing animated depictions and unrelated erotic material invites jurors to reason from disgust or character inference rather than from proof of the charged conduct. Moreover, the introduction of such materials risks mini trials over classification, interpretation, and meaning, thereby confusing the issues and diverting the jury from the core questions before it.

The Government cites cases recognizing that relevant evidence is not excluded merely because it is damaging. That principle is uncontroversial. But Rule 403 addresses unfair prejudice, evidence that tempts the jury to decide on an improper basis. *See United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008). The danger here is precisely that.

**V.      The Court Should Impose Reasonable Limits on the Number of Charged Images**

The Government indicates that it does not intend to introduce all 1,200 images recovered but resists any limitation. The elements of possession and production of child pornography do not require the Government to parade an excessive number of images before the jury. A representative sample is sufficient. Allowing an unrestricted presentation risks cumulative emotional impact that exceeds any additional probative value.

A reasonable limitation would preserve the Government's ability to prove its case while safeguarding the fairness of the proceedings.

**Conclusion**

The Government's opposition does not satisfy the standards governing relevance, intrinsic evidence, Rule 404(b), or Rule 403. Under *Queen* and the Federal Rules of Evidence, the challenged materials are inadmissible. The Court should exclude them and impose reasonable limits on the number of charged images presented at trial.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

___/s/_____
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender

100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____
Francisco A. Carriedo